<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DYLAN J. HOWARD, | : : | |
| Plaintiff, | : : | Civil Action No. 18-3043 (JMV) (MF) |
| v. | : : | **OPINION** |
| MORRIS COUNTY PROSECUTOR'S OFFICE, et al., | : : : | |
| Defendants. | : : | |

**VAZQUEZ, District Judge:**

Plaintiff, a state prisoner, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss Plaintiff's Complaint without prejudice for failure to state a claim and for failure to comply with Federal Rule of Civil Procedure 8.

### I. BACKGROUND

This case arises from the investigation and prosecution that resulted in Plaintiff's incarceration. Plaintiff, however, does not specify what charges or convictions are at issue. Plaintiff names the following parties as Defendants in this matter: (1) the Morris County Prosecutor's Office; (2) Detective Stephen Carro; (3) Detective Sean Fraser; (4) Detective Sasha Gould; (5) Detective James J. Bruno; (6) Lieutenant Robert M. McNally; (7) Captain Wilson; (8) Sergeant Mauceri; (9) Detective Gomez; (10) Fredrick Knapp; (11) Kelly Sandler; and (12) Matthew Trioano.

The Complaint contains very few factual details, but Plaintiff appears to believe that Defendants have wrongfully investigated and prosecuted him. Plaintiff concludes that Defendants have violated his rights in a litany of ways but offers no details as to how they precisely violated his rights. Moreover, Plaintiff appears to have copied and pasted his vague allegations against each of the officer Defendants. Plaintiff did the same for Defendants Knapp, Sandler, and Trioano, the prosecutor Defendants, but added a line referring to their supervision and authority over the investigation.

In March of 2018, Plaintiff filed the instant Complaint, seeking damages for violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (D.E. 1, at 8.) Plaintiff also seeks an injunction to terminate the employment of the officer Defendants. (*Id.*)

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity" and in cases where the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2). When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

A complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim

2

>  showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019).  In other words, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Moreover, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

With the principles above in mind, the Court finds that the Complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim.  As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Even liberally construing the Complaint, Plaintiff fails to simply or directly allege what his claims are against each Defendant and fails to provide fair notice of the grounds on which he intends to rest his claims.

Plaintiff's Complaint contains nearly no factual allegations, and is instead, a collection of bare conclusions against the Defendants, and conclusory allegations are insufficient to state a claim for relief. *See, e.g.*, *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678).  The Court gleans that Plaintiff believes that his investigation and prosecution violated his rights.  He fails, however, to allege how or why Defendants' actions violated his rights, when those violations occurred, and who violated which of his rights. *See, e.g.*, *Cooper v. Link*, No. 18-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his Complaint as pled because it is not clear what each Defendant did to violate his rights.").

For example, Plaintiff alleges that Defendant Fraser, a police officer, "failed to . . . perform a proper investigation," but fails to explain how the investigation was improper. (D.E. 1, at 2–3.) Likewise, Plaintiff concludes that Defendant Fraser engaged in official misconduct and submitted false reports but fails to explain what misconduct is at issue or how the reports were false. (*Id.*) Similarly, Plaintiff contends that all Defendants "contaminated evidence" and overlooked an illegal entry into Plaintiff's home but fails to allege how they contaminated evidence, what that evidence was, or how the entry was illegal. (*Id.* at 6–7.)  Nor does Plaintiff identify which charges or convictions are at issue in this case.

As a result, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555.  Consequently, the Court will disregard the Complaint's "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, and dismiss the Complaint, without prejudice, for failure to state a claim and for failure to comply with Rule 8.

5

## IV.  CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Complaint without prejudice.  The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above.  An appropriate Order follows.

Dated: 10/29/2020

                                                                                _____
                                                                                JOHN MICHAEL VAZQUEZ
                                                                                United States District Judge